IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR FLOREZ MIRAMONTES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | CV F 03-04-5713 AWI<br>(CR F 02-5190 AWI)<br><br>ORDER DISMISSING<br>MOTION TO VACATE<br>JUDGMENT PURSUANT TO<br>F.R.C.P. 60(b)<br><br>(28 U.S.C. § 2255)<br><br>Document No. 96 |

Petitioner Melchor Florez Miramontes ("Petitioner") was convicted on March 17, 2003, to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1) by plea of guilty. He was sentenced on May 27, 2003, to a term of 235 months imprisonment. Petitioner timely filed a motion to vacate, modify or set aside the sentence pursuant to 28 U.S.C., section[1] 2255, on May 14, 2004. That motion, and Petitioner's motion to amend his habeas petition were denied by the court in separate orders that were filed on October 14, 2004. The docket indicates Petitioner filed a notice of appeal of the court's order denying habeas relief on December 21, 2005. To the court's knowledge, no certificate of appealability has been requested by petitioner. Nor has the Ninth Circuit Court of Appeals issued any order

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

with respect to Plaintiff's appeal as of the date of this writing. On June 6, 2006, Petitioner filed the instant motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow that motion will be denied.

Plaintiff's motion pursuant to Rule 60(b) requests the court reconsider and vacate its prior judgment with regard to Petitioner's habeas claim of ineffective assistance of counsel. In its order denying habeas relief, the court held Plaintiff did not suffer ineffective assistance when his attorney did not object to the search and seizure of narcotics that occurred in connection with his arrest. As best the court can determine from Petitioner's pleading, the crux of his argument is that the court was erroneous when it failed to allow Petitioner the opportunity to fully develop his argument that he was out of his car at the time of his arrest and that the search of his car was conducted prior to his arrest. Petitioner claims that since the search was not incidental to his arrest, the search was unlawful, and he suffered prejudice as a result of his attorney's failure to challenge the search. The court addressed the legality of the search in its decision dismissing Petitioner's motion for habeas relief, and found the search was supported by probable cause, in addition to being incidental to Petitioner's arrest. Doc. # 67 at 6-7.

Here, it is plain that the factual basis for Petitioner's Rule 60(b) motion states a claim for habeas relief identical to the ground already raised by Petitioner in his motion pursuant to section 2255 filed May 14, 2004. As such, Plaintiff's instant claim for relief pursuant to Rule 60(b) also states a claim for successive habeas relief.

Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a successive claim under section 2255 is well settled. Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by

styling his motion under another name." United States v. Christensen, 119 Fed.Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where petitioner did not obtain a certificate of appealability).

Because Petitioner's claims states a claim under section 2255, the court is required to consider Petitioner's Rule 60(b) motion as a successive motion under section 2255. See Ortiz v. Stewart, 195 F.3d 520, 520 (9th Cir. 1999) (ineffective assistance claim raised under Rule 60(b) motion construed as successive section 2255 habeas petition where issue was raised in first habeas petition). Because the court construes Petitioner's motion under Rule 60(b) as a successive habeas petition pursuant to section 2255, Petitioner's ability to raise the substantive underlying claims is delimited by those provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") that apply to habeas petitions generally and to successive motions under section 2255 in particular.

Section 2255 requires that:

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offence; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition. A district court must dismiss any second or successive habeas claims where the conditions set forth in section 2244 are not met. See United States v. Allen, 157 F.3d 661, 664 (9 Cir. 1998) (district court lacks jurisdiction to consider successive motion pursuant to section 2255 where certification requirement of section 2244 (b) has not been met). Petitioner does not allege, and the court can find no evidence that Petitioner has sought, or that

1 | the appellate court has granted, any order authorizing this court to give consideration to
2 | Plaintiff's successive habeas petition. This court must therefore conclude it lacks jurisdiction to
3 | consider Plaintiff's motion for relief.

5 |     THEREFORE, it is hereby ORDERED that Petitioner's motion pursuant to Rule 60(b) is
6 | deemed a second or successive motion pursuant to section 2255 and is DENIED for the reasons
7 | discussed above.

11 | IT IS SO ORDERED.

12 | **Dated:   January 23, 2007**          /s/ Anthony W. Ishii
    0m8i78                       UNITED STATES DISTRICT JUDGE

4