IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR FLOREZ MIRAMONTES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CV F 03-04-5713 AWI <br> (CR F 02-5190 AWI) <br><br> ORDER DENYING REQUEST <br> FOR CERTIFICATE OF <br> APPEALABILITY <br><br> (28 U.S.C. § 2255) <br><br> **Document No. 96** |

Petitioner Melchor Florez Miramontes ("Petitioner") was convicted on March 17, 2003, to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C., sections 846 and 841(a)(1) by plea of guilty. He was sentenced on May 27, 2003, to a term of 235 months imprisonment. Petitioner timely filed a motion to vacate, modify or set aside the sentence pursuant to 28 U.S.C., section[1] 2255, on May 14, 2004. That motion, and Petitioner's motion to amend his habeas petition were denied by the court in separate orders that were filed on October 14, 2004. On June 6, 2006, Petitioner filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That motion was deemed a successive motion pursuant to section 2255 and was denied by this court's order on January 23, 2007. Petitioner now requests a certificate of appealability to challenge the court's denial of Plaintiff's motion of

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

June 6, 2006.

On February 16, 2007, petitioner filed a notice of appeal of the district court's order of January 23, 2007. Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See <u>United States v. Asrar</u>, 108 F.3d 217, 218 (9th Cir. 1997); Fed. R.App. P. 22(b). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. <u>Lambright v. Stewart</u>, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).  The

1  Supreme Court has found that the even the application of an apparently controlling Ninth Circuit
2  rule can be debatable if it conflicts with the rules of another circuit or there is reasonable
3  argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See id.
4       In the present case, the court finds that petitioner has not made the required substantial
5  showing of the denial of a constitutional right to justify the issuance of a certificate of
6  appealability.  Petitioner's motion of  June 6, 2006, pursuant to rule 60(b) was dismissed
7  according to well established statutory provisions and Petitioner has not put forward any
8  argument that would call the court's decision into question.  Reasonable jurists would not debate
9  that petitioner has not shown how he is entitled to federal habeas corpus relief.  Accordingly, the
10 Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

13 IT IS SO ORDERED.

14 **Dated:   March 1, 2007**                               **/s/ Anthony W. Ishii**
   0m8i78                                                  UNITED STATES DISTRICT JUDGE

3